818 F.2d 29
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Luther LOWE, Jr., Plaintiff-Appellant,
v.
Tami B. WARREN; Walter Bryant; Reginald Swinson; Gladys
Raynor; Allie Ray; John Crumpler; Dorothy Autry; Clara
Lockamy; John Russell; Nan Smith; Lloyd Faircloth;
Leonard Thagard; John Ancellotti; F. W. Humphrey; Mary
Humphrey; Kimberly Williams; Patricia Cannon; Monroe
Caddis; Defendants-Appellees.
 No. 86-7261.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 21, 1986.
Decided April 29, 1987.
 
 Before CHAPMAN, and WILKINSON, Circuit Judges and BUTZNER, Senior Circuit Judge.
 Luther Lowe, Jr., appellant pro se.
 PER CURIAM:
 
 
 1
 Luther Lowe, an inmate at the Caledonia Correctional Institute, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. Lowe alleges that 1) he was wrongfully arrested; 2) he was prose'cuted without just cause; 3) there was insufficient evidence to convict him; 4) he was falsely imprisoned; 5) prejudicial evidence was improperly admitted during the trial; 6) witnesses perjured themselves during the trial; and 7) several members of the jury should have been excluded. Lowe requested declaratory and injunctive relief as well as damages. The district court determined that Lowe's allegations challenged the validity of his conviction and thus should have been brought under 28 U.S.C. Sec. 2254. The court's decision informed Lowe of the proper procedure for filing a habeas claim and dismissed his SS 1983 complaint.
 
 
 2
 We agree with the district court that Lowe's claim for declaratory and injunctive relief essentially attacks the validity of his conviction and thus must be pursued under SS 2254.
 
 
 3
 Petitioners who attack the validity of their conviction but nevertheless bring suit under 42 U.S.C. Sec. 1983 and request monetary relief are still required to exhaust their state remedies. Hamlin v. Warren, 664 F.2d 29 (4th Cir. 1981), cert. denied, 455 U.S. 911 (1982). The record does not establish whether Lowe has exhausted his state remedies for the claims currently before this Court. It is apparent, however, that most of the defendants named by Lowe enjoy absolute immunity from liability for damages. Prosecuting attorneys and jurors, as quasi-judicial officers, may not be subjected to liability based upon their participation in judicial proceedings. See Imbler v. Pachtman, 424 U.S. 409 (1976); Yaselli v. Goff, 12 F.2d 396, 403 (2d Cir. 1926), aff'd, 275 U.S. 503 (1927). Absolute immunity has also been extended to cover witnesses. See Burke v. Miller, 580 F.2d 108 (4th Cir. 1978), cert. denied, 440 U.S. 930 (1979). The only defendant who is not covered by absolute immunity is the police detective, John Ancellotti. See Malley v. Briggs,--U.S. ----, 54 U.S.L.W. 4243 (Mar. 5, 1986) (police officers sued for false arrest are qualifiedly immune).
 
 
 4
 In his complaint Lowe asserts that "The defendant, John Ancellotti, is now, and was the detective who caused the arrest and prosecution of the plaintiff for an alleged homicide, without want [sic] of probable cause and with malice, having full knowledge that the plaintiff Luther Lowe, Jr., did not committ[sic] the alleged crime as herein stated." The record indicates that Lowe was convicted and sentenced for committing second degree murder (the crime for which Officer Ancellotti arrested him). The existence of probable cause at the time of the arrest may be inferred from that later conviction. Also, Lowe failed to assert that the arrest by Ancellotti led to the production of illegal evidence at trial which resulted in his conviction, or to demonstrate that he had exhausted such a claim in the state courts. The brief and conclusory allegation contained in Lowe's complaint fails to state a viable fourth amendment claim under 42 U.S.C. Sec.1983.
 
 
 5
 Therefore, we affirm the decision of the district court which dismissed Lowe's complaint. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.